**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THERESA HOVINEN,

    Plaintiff,

v.                                            Case No. 11-CV-13680

HEARTLAND-OAKLAND, MI LLC,

    Defendant.

_____/

**ORDER OF DISMISSAL**

    Plaintiff Theresa Hovinen initiated this action on August 23, 2011, alleging subject-matter jurisdiction through diversity of citizenship.  *See* 28 U.S.C. § 1332.  On August 30, 2011, after reviewing the complaint, the court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Specifically, the court ordered Plaintiff to clarify the citizenship of both Plaintiff and Defendant so that the court could determine whether subject matter jurisdiction exists in this matter through diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1).  Plaintiff timely responded but did not satisfy the court's concerns.  Accordingly, the court must dismiss this action for lack of subject-matter jurisdiction.

    "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison,* 5 U.S. 137, 173-80 (1803)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994).  Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Therefore, the two requirements for diversity jurisdiction are that (1) the matter in controversy exceed $75,000, and (2) complete diversity exists between the disputing parties.

Plaintiff sufficiently alleges that the amount in controversy exceeds $75,000.00. (*See* Compl. ¶ 4.)  While Plaintiff initially failed to allege facts sufficient to determine her citizenship, in her response to the court's "Order to Show Cause," she alleges that she is domiciled in Michigan.  (Resp. 2-3.)  Because an individual is a citizen of the state in which he or she is domiciled, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), Plaintiff has adequately alleged her citizenship.

However, Plaintiff has not sufficiently identified the citizenship of Defendant. Plaintiff contends that Defendant is a limited liability company who is "licensed to do business in the State of Michigan, County of Oakland."  (Compl. ¶ 2.)  Limited liability companies "have the citizenship of each partner or member."  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (citing *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).  "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."  *Id.* (citing *Delay*, 585 F.3d at 1005).  Because the complaint did not identify the citizenship of each of Defendant's members, the court ordered Plaintiff to show cause why the case should not be dismissed.  In response, Plaintiff contends that she does

not know the citizenship of each of Defendant's members and cannot determine their citizenship until discovery is allowed.

As stated above, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen*, 511 U.S. at 377. A court has an obligation to raise the question of subject-matter jurisdiction sua sponte when it appears jurisdiction is lacking. *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 361 n.2 (6th Cir. 2010). The party asserting subject matter jurisdiction bears the burden of proof by a preponderance of the evidence. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194-95 (2010)); *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009). Here, it is not sufficient for Plaintiff to contend that she does not know Defendant's citizenship. As the party asserting federal subject-matter jurisdiction, she has the burden of demonstrating its existence. Here she has failed to meet that burden. Accordingly,

IT IS ORDERED that this matter is DISMISSED for lack of subject-matter jurisdiction.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 21, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 21, 2011, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522